United States v. Karron

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of September, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> *Circuit Judges.*

_____

United States of America,

> *Plaintiff-Appellee*,

> v.                                                             11-1924

Daniel B. Karron,

> *Defendant-Appellant*.

_____


FOR APPELLANT:            Daniel B. Karron, *pro se*, Long Beach, New York.

FOR APPELLEES:            Michael J. Byars, Sarah Sheive Normand, Assistant United States Attorneys, New York, New York.


Appeal from a judgment of the United States District Court for the Southern District of

New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Daniel B. Karron, proceeding *pro se*, appeals from the district court's grant of partial summary judgment in favor of the Appellee on its claims for relief under the False Claims Act, 31 U.S.C. § 3729(a), awarding the Appellee principally $4,036,500 in treble damages and a $5,500 civil penalty, less any amount that Karron has paid or will pay in restitution. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews orders granting summary judgment *de novo* and focuses on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, the Court is required to resolve all ambiguities and draw all permissible inferences in favor of the non-moving party. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (citing *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995)). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

After an independent review of the record and relevant case law, we conclude that the district court properly found that Karron was liable under the FCA for $4,036,500 in treble damages and a $5,500 civil penalty for substantially the same reasons articulated by the district court in its well-reasoned order and by this Court in its recent decision in *United States ex rel.*

2

*Feldman v. Van Gorp*, No. 10-3297 (Lead), 11-975 (Con), 2012 WL 3832087, at \*7-12 (2d Cir. Sept. 5, 2012) (stating that in an FSA case where "contracts entered into between the government and [a] [d]efendant[] did not produce a tangible benefit" to the government because it did not get the research training program it bargained for at all, "the appropriate measure of damages . . . [was] the full amount the government paid based on materially false statements" (citation omitted)).

We have considered Karron's arguments on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk